# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

ANTIONETTE MARCONI, and
ROY MARCONI,

    Plaintiffs,

        v.

BRANDYWINE CHRYSLER JEEP,
INC.,
CHRYSLER GROUP, LLC, and JIFFY
LUBE SERVICE CENTER # 312,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. CPU4-13-003182

Submitted: April 1, 2015
Decided: June 30, 2015

Matthew M. Bartkowski, Esquire
Heather Long, Esquire
Kimmel Carter Roman & Peltz, P.A.
Plaza 273
P.O. Box 8149
Newark, DE 19714
*Attorneys for Plaintiffs*

Matthew E. O'Byrne, Esquire
Casarino, Christman & Shalk
405 N. King Street, Ste 300
P.O. Box 1276
Wilmington, DE 19899
*Attorney for Defendant Jiffy Lube*

Nichole T. Whetham Warner, Esquire
Marshall, Dennehey, Warner,
Colemen & Goggin
1220 Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899
*Attorney for Chrysler Defendants*

# DECISION ON CO-DEFENDANT'S BRANDYWINE CHRYSLER JEEP, INC. AND CHRYSLER GROUP LLC'S MOTION FOR REARGUMENT

Before the Court is Defendants Brandywine Chrysler Jeep, Inc. and Chrysler Group, LLC's (collectively, "the Chrysler Defendants") motion for reargument. This action arises from the Chrysler Defendants' sale of a 2008 Chrysler Pacifica ("Pacifica") to Plaintiffs Antoinette and Roy Marconi ("Plaintiffs"), and Defendant Jiffy Lube Service Center No. 312's ("Jiffy Lube") subsequent service of such vehicle. The Chrysler Defendants seek reargument of the Court's November 7, 2014 decision which denied their motion for summary judgment concluding that a genuine issue of material fact exists regarding the type of warranty which covers the vehicle. That is, whether it was a "repair and replace" or a "future performance" warranty.[1] The Court also concluded that a genuine issue exists regarding the warranty's accrual date, which becomes important to the class-of-warranty issue.[2] This is the Court's decision on the Chrysler Defendants' motion.

The facts of this case are not largely in dispute. On June 19, 2009, Plaintiffs purchased the Pacifica vehicle from Defendant Brandywine Chrysler Jeep, Inc. ("Brandywine Chrysler"), which was manufactured by Defendant Chrysler Group, LLC ("Chrysler Group, LLC). On April 18, 2012, Plaintiffs had the Pacifica serviced at Jiffy Lube. The service by Jiffy Lube included engine oil change and filter. On December 15, 2012, Plaintiffs brought the vehicle to Brandywine Chrysler stating that the "check engine" light was on; that the engine stalled while driving, and consequently it would not start. Upon inspection, Brandywine Chrysler observed damage to the crank-shaft and oil starvation in the engine. Plaintiffs declined to have the work performed because Chrysler Defendants'

---

[1] *See* Memorandum Opinion and Order, at *9 (Nov. 7, 2014).
[2] Pursuant to 6 *Del. C.* § 2-725(2), if the warranty is one for "repair and replacement" of defective parts, the statute of limitations accrues as of September 24, 2007. Conversely, if found to be a "future performance warranty," the accrual date would be the date of discovery of the alleged breach, December 15, 2012.

refused to cover the costs of the engine repair. Shortly thereafter, Plaintiffs brought this breach of contract action.

On March 22, 2013, Plaintiffs filed a complaint in the Justice of the Peace Court. On September 24, 2013, the Justice of the Peace Court dismissed the case, holding that Plaintiff's claims were barred by the statute of limitations, as set forth in 6 *Del. C.* § 2-725 as to the Chrysler Defendants. The court concluded that Plaintiffs' claims were barred because the four-year statute of limitations commenced to run on September 24, 2007, the date the vehicle was delivered to the dealer. (*See*, Civil Action JP13-13-003930)

On October 9, 2013, Plaintiffs filed an Appeal to this Court, alleging that the Chrysler Defendants and Jiffy Lube ("Jiffy Lube," collectively "the Defendants) were negligent in servicing and inspecting the vehicle. Plaintiffs also allege that the Chrysler Defendants breached express and implied warranties for the vehicle.

On December 16, 2013, Chrysler Defendants filed a motion to dismiss, which was heard on September 19, 2014. The Court took the matter under advisement, and on November 7, 2014, issued an opinion denying Defendants' Motion for Summary Judgment. In denying the Motion, the Court cited three bases: (1) Civil Rule 72.3 had been satisfied; (2) the mirror image rule codified in Civil Rule 72.3(f) had not been violated; and (3) material issue of fact exist with regard to the Statute of Limitations because the type of warranty which covered the vehicle is determinative of when the statute of limitations began to run.

On November 18, 2014, the Chrysler Defendants filed the instant motion for reargument, moving the Court to reconsider its conclusion that an issue of material fact exists as to the type of warranty which covered Plaintiff's vehicle. On March 31, 2013,

3

Plaintiffs submitted a letter to the Court indicating that they stand on the record before the Court. On April 1, 2013, Jiffy Lube submitted a letter stating that it takes no position on the motion for reargument.

## PARTIES' CONTENTIONS

The Chrysler Defendants contend that the warranty covering Plaintiffs' vehicle is a three-year/36,000-mile "repair and replace" warranty, rather than a "future performance" warranty. In response to the Court's denial of its first motion for summary judgment, the Chrysler Defendants now submits the warranty ("basic limited warranty") which they allege covers Plaintiff's Pacifica.[3] The Chrysler Defendants further argue that the only promise made in either warranty is that the Pacifica would be repaired if it failed, and therefore it is impossible to find that either of the warranties guarantees future performance. Accordingly, the Chrysler Defendants reason that the date of vehicle delivery to the dealer, rather than the date of discovery of the alleged breach, controls the claim.

Because no supplemental argument was presented, the Court treated Plaintiff's position as continuing that there are genuine issues of material fact concerning (1) the class of warranty which covers the Pacifica, and (2) the date of the Pacifica's delivery to Plaintiffs, controls when the statute runs.[4] Additionally, Plaintiffs argue that the warranty controlling these proceedings is Chrysler's Lifetime Powertrain Warranty, which is a "future performance" warranty that guarantees the powertrain's performance for the life of the

---

[3] *See* Motion for Reargument, Exhibit C. Plaintiff did not present any tangible evidence to the Court which would refute the Chrysler Defendants' claim.
[4] *See* Plaintiffs' Response to Motion to Dismiss, Exhibit M. Plaintiffs contend the date of accrual is unclear due to differing shipping dates listed in the Chrysler Defendants' Vehicle Information Detail Report.

vehicle. To support this position, Plaintiffs presented a copy from Chrysler's website – titled "New Chrysler Lifetime Powertrain Warranty Customers Q&A" – which provides the terms of the lifetime warranty. [5]

Plaintiffs contend that the repair and replace warranty is for a stated period of time. However, the guarantee warranty is for an endless duration and is therefore distinguishable. Therefore, in the event the Court finds that the warranty which covers the vehicle is a lifetime warranty, the warranty is not limited to the four-year statute of limitations which applies to repair and replace warranty. They further argue that the relevant date of delivery involving cars, is the date of delivery by the manufacturer to the dealer. However, in the event that the tender of delivery by the manufacturer to the dealer is unknown, the date to the consumer is taken as a stand-in date for the tender of delivery. They go on to allege that since the document in question indicates the shipping date from the manufacturer to the dealer as September 24, 2007, also includes June 19, 2009 as the date sold to the dealer, there is uncertainty as to the relevant statute of limitation date. Therefore, Plaintiffs reason that because the date of delivery is unclear, and thus unknown, it must as a result thereof, be inferred that the cause of action accrued when the vehicle was delivered to the consumer, and as such, their claim is not time barred.

## ANALYSIS

A motion for re-argument is limited to "reconsideration by the Court of its findings of fact, conclusions of law, or judgment."[6] "A motion for re-argument will be granted only if

---

[5] *See* http://www.chrysler.com/en/lifetime_powertrain_waranty/faq.html, attached as Plaintiffs' Response to Motion to Dismiss, Exhibit J.

[6] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969).

5

'the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision.'"[7] "A party seeking to have the court reconsider [an] earlier ruling must demonstrate newly discovered evidence, a change in the law or manifest injustice."[8] "[T]he Court will not entertain new arguments by the parties raised for the first time in a motion for re-argument."[9]  The determination in these matters turns on the relevant application of the alleged warranties.

### A. THE WARRANTIES

As stated *supra*, the Chrysler Defendants maintain that a repair-and-replace warranty, rather than a "future performance" warranty, exists on the Pacifica. In discussing the difference between the two classes of warranties, the Delaware Superior Court in *Jakotowicz* held:

> A "future performance" warranty is different from a "repair or replace" warranty in that a future performance warranty expressly provides some form of guarantee that the product will perform in the future as promised. In contrast, a repair or replacement warranty does not warrant how the goods will perform in the future. Rather, a repair or replace warranty simply provides that if a product fails or becomes defective, the seller will replace or repair within a stated period.[10]

The Court further distinguished the characteristics between the two types of warranties:

---

[7] *State Farm Fire & Cas. Co. v. Middleby Corp.*, 2011 WL 2462661, at *2 (Del. Super. June 15, 2011). (quoting *Kennedy v. Invacare Corp.,* 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).
[8] *Parisan v. Cohan*, 2012 WL 1066506, at *1 (Del. Com. Pl. Mar. 29, 2012).
[9] *Wilmington Trust Co. v. Nix*, 2002 WL 356371, at *1 (Del. Super. Feb. 21, 2002).
[10] *Jakotowicz v. Hyundai Motor Am.*, 2005 Del. Super. LEXIS 283, at *8 (Del. Super., Aug. 17, 2005).

A warranty cannot be both a "repair and replace" and a "future performance" warranty…A warranty extending to future performance is a very narrow exception to the limitations period."[11] However, "the language of the warranty is the controlling factor in determining if the warranty is a "future performance" warranty or not."[12]

The language of the document provided as part of the sale in these proceedings by Chrysler, and which was a part of the sales agreement is a repair and replace warranty. It provides coverage for repairs and replacements for up to three years/36,000 miles and limits Plaintiffs' remedy to repair or replacement of the defective parts.[13] It provides as follows:

> The basic limited warranty covers the cost of all parts and labor needed to **repair any item on your vehicle … that is defective in material, workmanship, or factory preparation.** There is no list of covered parts, since the only exceptions [to coverage under this warranty] are tires and Koss headphones.[14]

The second warranty which plaintiff relies on is the "New Chrysler Lifetime Powertrain Warranty which is found at *Chrysler.com* website. This document is provided in a Q & A format and provides in relevant part s follows:

> "Q2: What does the new powertrain limited warranty include?
>
> A2: The Chrysler Lifetime Powertrain Warranty covers the **cost of all parts and labor needed to repair covered powertrain components** – engine, transmission and drive system – on most new Chrysler, Jeep and Dodge vehicles."[15]
>
> "Q4: Are there specific provisions to the new warranty?
>
> A4: In order to maintain the Chrysler Lifetime Powertrain Warranty, you must have a Powertrain inspection performed by an authorized Chrysler Jeep, Dodge dealer once every 5 years. . .

---

[11] *Id.* at *9.
[12] *Id.* at *12.
[13] *Id.* at *8.
[14] Motion for Reargument, Exhibit C, § 2.1 B (emphasis added).
[15] Plaintiffs' Response to Motion to Dismiss, Exhibit J.

It is your responsibility to perform preventative maintenance on your vehicle

Q5: When does the new warranty coverage take effect?

A4: The Chrysler Lifetime Powertrain Warranty begins at the date of the Basic Limited Warranty.

Q15: What does Lifetime mean?

A15: Lifetime means lifetime.

The language of this publication provides that if the powertrain becomes defective, Chrysler will cover *costs to repair* the defect. [16]

## B. STATUTE OF LIMITATIONS

Regarding the repair and replace warranty, the dates are on the vehicle information detail report. There are several entries; however, the shipping date is clearly set forth as September 24, 2007, and under 6 Del. C. § 2-725, claims by a vehicle owner against a vehicle manufacturer alleging violations under the warranty accrue on the date the delivery was tendered by the manufacturer to the dealership.[17] As stated by the Court in *Murray*, the consumer delivery date may be used as a stand-in date of delivery only in the absence of more specific information.

Here, the record is clear that the delivery date is September 27, 2007. The action was commenced on March 22, 2013, which is beyond the four (4) year statute of limitation period in 6 Del. C. § 2-725. Therefore, any claim based on the replace and repair warranty is time barred.

---

[16]*See Jakotowicz*, 2005 Del. Super. LEXIS 283, at *13 (Del. Super. Aug. 17, 2005) ("Under 10 *Del. C.* § 2-725(2), a cause of action accrues when the breach occurs and a breach of warranty occurs when tender of delivery is made…in cases involving cars, the date of delivery by the manufacturer to the dealer is the accrual date for a cause of action against the manufacturer.")

[17] *Murray v. American Suzuki Motor Corp., 2010 WL 323506* (Del. Super. (J. Ableman)

However, while I conclude the Lifetime Warranty is a future performance warranty, the conditions do require that the owner perform preventive maintenance, which may affect the validity of the warranty. Chrysler's three-year/36,000-mile warranty requires owners of 2008 Chrysler Pacifica perform engine oil and filter changes every six-months/6,000-miles. There is no documentation the services were performed; nor is there proof that the service provider signed the maintenance log included with the warranty.[18] Failure to do so voids the basic limited warranty.[19] Plaintiff's record of service with Jiffy Lube shows that the car was taken in for service once a year, and at times more than 9,000 miles between service.[20]

As previously mentioned, the warranty start date for Plaintiffs' vehicle is September 24, 2007, the date of delivery to the dealer. This means that the no-charge inspection would have been required to take place between July 24, 2012 and September 24, 2012. According to the record before the Court, apart from selling the Pacifica to Plaintiffs, and performing incidental service in the month following the sale, the Chrysler Defendants' next inspection of the vehicle occurred on December 15, 2012, well outside the five-year inspection requirement.[21]

Accordingly, due to Plaintiffs' failure to comply with the terms of each respective warranty, I find Plaintiffs' reliance on either warranty misplaced. The Chrysler Defendants' motion for reargument is granted.

---

[18] *See* Motion for Reargument, Exhibit C, Maintenance Log.
[19] *Id.*
[20] *See* Motion to Dismiss, Exhibit F. Service dates and corresponding mileage are listed as follows: 3/22/2010 – 6,000 miles; 3/17/2011 – 15,000 miles; 4/18/2012 – 20,000 miles.
[21] *See* Motion to Dismiss, Exhibit F.

## <u>ORDER</u>

Upon reconsideration of the Chrysler Defendants' Motion for Summary Judgment, for the reasons stated herein, the motion is **GRANTED**.

**SO ORDERED**

_____
Alex J. Smalls,
Chief Judge

Marconi-OP  June 2015